IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. COLUMBIA MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>1. BALORU ENTERPRISES, LLC;<br>2. BALORU PROPERTIES, LLC; and<br>3. HUETZIN GERARDO RODRIGUEZ CARILLO AKA JERRY RODRIGUEZ AKA JERRY ROCA,<br><br>Defendants. | Case No. 22-CV-00444-TCK-SH |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Columbia Mutual Insurance Company ("Plaintiff" or "Columbia"), for its Complaint for Declaratory Judgment against Baloru Enterprises, LLC, Baloru Properties, LLC, and Huetzin Gerardo Rodriguez Carillo AKA Jerry Rodriguez AKA Jerry Roca (collectively, "Defendants"), alleges and states:

### INTRODUCTION

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under a certain insurance contract, described more fully below.

### PARTIES

2. Plaintiff is incorporated in the state of Missouri and has its principal place of business in the state of Missouri.

3. Defendant Baloru Enterprises, LLC ("Baloru Enterprises") is incorporated in the state of Oklahoma and has its principal place of business in the state of Oklahoma.

4. Defendant Baloru Properties, LLC ("Baloru Properties") was incorporated in the state of Oklahoma and had its principal place of business in the state of Oklahoma. Baloru Properties is no longer an active entity in the state of Oklahoma. According to the Oklahoma Secretary of State, Baloru Properties is over 60 days delinquent in filing its Annual Certificate.

5. Upon information and belief, Huetzin Gerardo Rodriguez Carillo AKA Jerry Rodriguez AKA Jerry Roca ("Rodriguez") is a citizen of Oklahoma and resident of Oklahoma.

6. Upon information and belief, Baloru Properties is owned by Baloru Enterprises.

7. Upon information and belief, Defendant Rodriguez is the sole owner of Baloru Enterprises.

**JURISDICTION AND VENUE**

8. The issues giving rise to this coverage dispute occurred in Tulsa County, State of Oklahoma. The insurance contract between Columbia and Baloru Enterprises that is the subject of this Complaint for Declaratory Judgment action was issued to Baloru Enterprises in this District. Further, the alleged acts and omissions related to the claim made by Baloru Enterprises – and the other Defendants – for which coverage is sought

took place in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2).

9. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1331(a)(1). Diversity jurisdiction exists because this action is between citizens of different states and the amount in controversy is in excess of $75,000.00.

## FACTUAL BACKGROUND

*Relationship Between the Parties and the Subject Insurance Policy*

10. Upon information and belief, Rodriguez is the sole owner of Baloru Enterprises and Baloru Properties.

11. According to the Tulsa County Assessor's Office, Baloru Enterprises is the owner of 6402 E. Pine St., Tulsa, OK 74115 and the building that sits on that property (the subject "Building"). Baloru Properties executed a five-year Commercial Lease Agreement with Baloru Enterprises on September 21, 2018, wherein Baloru Properties would serve as the Landlord of the Building and Baloru Enterprises would act as the Tenant of the Building. Rodriguez signed this Commercial Lease Agreement on behalf of both parties. It is worth noting that although Baloru Properties acted as the Landlord, Baloru Properties was never the owner of the Building.

12. Baloru Enterprises submitted an Application for Insurance to Columbia on August 25, 2021. Nothing within the Application indicated the Building was vacant, and nothing within the Application would lead someone to suspect the Building was vacant.

13. Columbia issued an insurance policy to Baloru Enterprises DBA Stow's Office Furniture, Policy No. CMPOK0000033418 (the "Policy"). This coverage became

effective September 30, 2021. The Policy provided coverage for three separate Baloru Enterprises buildings: NW 6th Street, Oklahoma City, OK 73102; 3604 S Elm Pl, Broken Arrow, OK 74011; and the subject Building.

14. The Policy provides coverage limits of $3,120,000 for the Building and $50,000 for business personal property.

15. Rodriguez represented to his insurance agent in July 2020 that: (1) the three buildings to be insured were occupied by Stow's Office Furniture; (2) with an "estimat[ed] roughly 2 MM in sales"; and (3) that 30% of the estimated $2,000,000 would be from the sales of used furniture and 70% of the sales would come from new furniture.

16. Baloru Enterprises executed another Commercial Lease Agreement on February 7, 2020 (this information was never relayed to Columbia), subleasing the Building to Dan Allred ("Allred") and Source One Liquidators, Inc. ("Source One"). The sublease called for a one-year tenancy, which by its terms converted to a month-to-month basis thereafter.

17. Allred and Source One conducted business at the Building under the name Bargain Outlet.

18. Beau Powers was Bargain Outlet's on-site representative and the primary person with whom Rodriguez would communicate regarding the operations of Bargain Outlet during the original term of the sublease between Baloru Enterprises and Allred/Source One.

*Claimed Loss*

19.     The underlying insurance claim that gave rise to this Complaint for Declaratory Judgment involves theft and vandalism that occurred between November 2, 2021 and November 4, 2021[1] at the Building.

20.     The Tulsa Police Department was called on November 2, 2021, at 9:29 a.m. The caller was an employee at a nearby business and reported that an individual was on the roof of the Building and there was a burglary in progress. [*See* Exhibit 1, City of Tulsa 911 Public Safety Communications, Incident No. TPD2021000491845 (EUO Ex. 10).]

21.     The Tulsa Police Department was also called on November 4, 2021 three separate times. On November 4, 2021, at 6:57 p.m., Rodriguez reported to the Tulsa Police Department that a burglary was in progress. [*See* Exhibit 1, City of Tulsa 911 Public Safety Communications, Incident No. TPD2021000495218 (EUO Ex. 10).] On November 4, 2021, at 9:46 p.m., a caller requested that police assistance was needed at the Building. It is unclear what issue prompted the call. [*See* Exhibit 1, City of Tulsa 911 Public Safety Communications, Incident No. TPD2021000495390 (EUO Ex. 10).] On November 4, 2021, at 10:18 p.m., a caller requested that police assistance was needed at the Building. It is unclear what issue prompted the call. [*See* Exhibit 1, City of Tulsa 911 Public Safety Communications, Incident No. TPD2021000495300 (EUO Ex. 10).]

---

[1] Defendants have stated in previous correspondence that the date of loss occurred "on or about November 4, 2021." The evidence suggests the Building was continually targeted for burglary from November 2-4, 2021, as well as later in November 2021, as will be shown. Ultimately, though, this three-day difference will not be determinative in the Court's analysis of the issues presented herein.

22. Between May 27, 2021 and November 16, 2021, the Tulsa Police Department was called *sixteen* times by individuals reporting crimes or suspicious activities occurring in or around the Building. The first report of a "Burglary" or any indication of an "Open Door" did not occur until November 2, 2021, or later. [*See* Exhibit 1, City of Tulsa 911 Public Safety Communications (EUO Ex. 10).]

23. In the month of November 2021 alone, the Tulsa Police Department was called *eight* times by people reporting crimes or suspicious activities occurring in or surrounding the Building. [*Id.*]

24. On November 6, 2021, the lawyer for Rodriguez notified Columbia by letter of the claimed loss related to the Building. [*See* Exhibit 3, Notice of Claim Letter from Mr. McGrew (EUO Ex. 1).]

***Inspection and Investigation Following the Claimed Loss***

25. Coincidentally, Columbia's inspector visited all of the Baloru Enterprises buildings, including the subject Building, on November 4, 2021. Columbia's inspector noted the following on his November 4, 2021 visit to the Building: "At the time of this inspection/survey the 6402 E Pine St location in Tulsa was found unsecured with two doors wide open while the building was unoccupied." This inspection was Columbia's first notice of any possible theft and/or vandalism at the Building. [*See* Exhibit 2, Loss Control Survey (EUO Ex. 7).]

26. The Columbia inspector immediately notified Rodriguez about the unsecured condition of the Building on November 4, 2021. [*Id.*]

27.     The Columbia inspector also sent a letter to Rodriguez on November 5, 2021, informing him the building was unoccupied and unsecure, and recommended that Rodriguez take action to prevent future loss. [*Id.*]

28.     On November 6, 2021, the lawyer for Rodriguez sent Columbia a letter informing Columbia that (1) his firm represents Baloru Enterprises and Rodriguez, (2) the letter would serve as formal notice of a claim for theft/vandalism, and (3) all future communications should be sent to him rather than the Insured. [*See* Exhibit 3, Notice of Claim Letter from Mr. McGrew (EUO Ex. 1).]

29.     On November 17, 2021, Baloru Enterprises and Rodriguez submitted an estimate and Sworn Statement in Proof of Loss for $1,005,645.73 in covered damages. [*See* Exhibit 4, Estimate and Sworn Statement in Proof of Loss (EUO Ex. 13 and EUO Ex. 12, respectively).]

30.     On December 6, 2021, Columbia sent the lawyer for Rodriguez a Reservation of Rights letter, stating that it was still reviewing the facts of the subject claim and was not yet approving or denying the claim. [*See* Exhibit 5, Reservation of Rights Letter (EUO Ex. 2).]

31.     In the course of investigating the subject claim, questions arose concerning whether the Building was vacant prior to the claimed loss. In a letter dated April 11, 2022, Columbia communicated to Defendants' counsel that because of the lack of information Columbia had received in response to its many requests, further investigation and time was needed before Columbia could accept or deny Defendants' insurance claim, pursuant to 36 O.S. § 1250.7(A). [*See* Exhibit 6, 60-Day Letter (EUO Ex.14).]

32. Defendants let the Columbia Policy lapse by non-payment of premium as of May 27, 2022. [*See* Exhibit 7, Policy Expiration Notices.]

***Evidence of Vacancy More Than 60 Days Prior to the Date of Loss***

33. The last payment made by Allred, Source One, Powers, and/or Bargain Outlet for accumulated arrearages was in May 2021. To this date, Rodriguez is still owed $31,588.78 from the Bargain Outlet group. [*See* Exhibit 8, Pine Utilities-Rent-Payments Spreadsheet (EUO Ex. 20).]

34. The last known utility bill from Cox Communications for service to the Building was in December 2020. [*See* Exhibit 8, Pine Utilities-Rent-Payments Spreadsheet (EUO Ex. 20).]

35. The last known utility bill from Public Service Company of Oklahoma for service to the Building was in December 2020. [*See* Exhibit 8, Pine Utilities-Rent-Payments Spreadsheet (EUO Ex. 20).]

36. The last known utility bill from the City of Tulsa for service to the Building was in February 2021, and the account continues to have an outstanding balance of $1,008.55. [*See* Exhibit 9, City of Tulsa Bill Dated February 5, 2021 (EUO Ex. 30, Stows 0072).]

37. The last known security/alarm monitoring bill from TRC Protection Services for service to the Building was in October 2020. [*See* Exhibit 8, Pine Utilities-Rent-Payments Spreadsheet (EUO Ex. 20).]

38. The last known utility bill from Oklahoma Natural Gas for service to the Building was in December 2020. [*See* Exhibit 8, Pine Utilities-Rent-Payments Spreadsheet (EUO Ex. 20).]

39. On July 1, 2021, Beau Powers of Bargain Outlet posted the following to the Bargain Outlet Group Facebook page: "STORE CLOSING SALE TOMORROW JULY 2" The narrative portion of the post stated: "The Bargain Outlet is closing its doors in Tulsa For good, There is Thousands of items to be sold off at extreme discount. Both new and used. We have found merchandise for all taste… The Store will be holding a huge outside sale this Friday and Saturday To help reduce the inventory left to have to store…" [*sic*] [*See* Exhibit 10, Facebook Post.]

40. On July 30, 2021, at 11:51 a.m., Beau Powers sent the following text message to Jerry Rodriguez with respect to moving out of the Building: "I need five more days it's a hundred degrees in the store I am. Cleaning it out myself and my wife only." [*sic*] [*See* Exhibit 11, Text Messages Between Rodriguez and Beau Powers (EUO Ex. 27, Stows 0071).]

41. The subject property was listed for sale online by NAI Sullivan Group on Crexi and LoopNet – two realtor websites – on September 1, 2021. Listing photos were taken by the Sullivan Group, dated August 27, 2021. [*See* Exhibit 12, Pine Street Listing Documents (EUO Ex. 5, 6, 35, 36).]

42. The Building at Pine Street is targeted for early 2023 demolition to make way for a publicly funded low-income housing project to be owned by Rodriguez.

43. The Columbia Policy at issue contains the following language:

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**6. Vacancy**

**a. Description Of Terms**

(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in **(1)(a)** and **(1)(b)** below:

(a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

(b) When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

(i) Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

(ii) Used by the building owner to conduct customary operations.

(2) Building under construction or renovation are not considered vacant.

**b. Vacancy Provisions**

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

(1) We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss:

(a) Vandalism;
(b) Sprinkler leakage, unless you have protected the system against freezing;
(c) Building glass breakage;
(d) Water damage;
(e) Theft; or
(f) Attempted theft.

(2) With respect to Covered Causes of Loss other than those listed in **b.(1)(a)** through **b.(1)(f)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

[CP 00 10 10 12]

***

[*See* Exhibit 13, Columbia Insurance Policy (EUO Ex. 16).]

44. The Vacancy Provision excludes coverage for this claim, as the Building was vacant on or before September 3, 2021.

45. The Building was vacant per the policy definition for more than 60 days before the loss or damage occurred.

## PRAYER FOR RELIEF

46. Columbia seeks a declaration that it is not obligated to provide coverage to Defendants for the subject loss, as described above.

47. In addition to the specific declaratory relief sought, Columbia seeks to recover its attorney fees and costs associated with this action, as well as any further relief deemed just and proper by this Court and/or otherwise authorized pursuant to 28 U.S.C. § 2201, et seq.

Respectfully submitted,

MILLER JOHNSON JONES
ANTONISSE & WHITE, PLLC

By: /s/ Brad Miller
Brad Miller, OBA #11437
Jami Rhodes Antonisse, OBA #20612
Amy M. Taylor, OBA #33284
500 NW 6th Street, Suite 300
Oklahoma City, OK 73102-1219
Telephone: (405) 896-4388
Fax: (405) 609-2995
bmiller@mjjaw.com
***Attorneys for Columbia Mutual Insurance Company***