**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

COLUMBIA MUTUAL INSURANCE )
COMPANY, )
)
        **Plaintiff/Counterclaim Defendant,** )
)
        v. )     **Case No.   22-CV-444-TCK-SH**
)
BALORU ENTERPRISES, LLC; )
BALORU PROPERTIES, LLC; and )
HUETZIN GERARDO RODRIGUEZ )
CARILLO aka JERRY RODRIGUEZ )
aka JERRY ROCA, )
)
        **Defendants.** )
)
BALORU ENTERPRISES, LLC )
dba STOW'S OFFICE FURNITURE, )
BALORU PROPERTIES, LLC, )
)
        **Counterclaimants.** )

**OPINION and ORDER**

Before the Court is the Motion to Dismiss and/or Strike Counterclaims or in the Alternative, Motion to Stay Counterclaims (Doc. 18), filed by the Plaintiff/Counterclaim Defendant Columbia Mutual Insurance Company ("Columbia")   pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Fed.R.Civ.P. 12(f). The Counterclaimants, Baloru Enterprises, LLC dba Stow's Office Furniture, and Baloru Properties, LLC (collectively, "Baloru"), filed a Response (Doc. 22), and Columbia filed a Reply. (Doc. 23).

**I. MOTION TO DISMISS STANDARD**

A Complaint must contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint must contain enough "factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). The trial court must insist the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe [the] plaintiff has a reasonable likelihood of mustering factual support for [the] claims." *Id.* at 1247.

"The nature and specificity of the allegations required to state a plausible claim will vary based on the context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). A plaintiff is not entitled to file a bare bones complaint and fill in the necessary facts after discovery is complete. *London v. Beaty*, 612 Fed. Appx. 910, 916 (10th Cir. 2015). The trial court must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins*, 519 F.3d at 1249.

In ruling on a motion to dismiss, the court must always accept the plaintiff's well-pleaded facts as true and construe them in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008); *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014). Under this standard, a complaint may not be dismissed on the grounds that the court thinks it unlikely that the allegations can be proven. *Twombly*, 127 S.Ct. at 1974; *Spradlin v. City of Owasso*, 2014 WL 1664974 *2 (N.D.Okla.) (holding that "a well-pleaded complaint may proceed even if actual proof of those facts seems improbable, and that a recovery is very remote and unlikely"). Indeed, "it is well established that a complaint should not be dismissed for failure to

2

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief." *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003); citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

## II. BACKGROUND

Baloru owned a building located in Tulsa, Oklahoma (the subject "Building") which was insured by Columbia. (Doc. 1, Complaint for Declaratory Judgment ("Complaint") at ¶¶ 13 & 43 and Ex. 13[1]). On or about November 4, 2021, the Building was damaged as a result of theft and vandalism. (Doc. 1, Complaint at ¶ 19). Columbia initiated an investigation into the claimed loss. (Doc. 1, Complaint at ¶¶ 25-27 and Ex. 2).

In the course of investigation, questions arose concerning whether the Building was vacant prior to the claimed loss, and continued investigation raised more questions and concerns. (Doc. 1, Complaint at ¶¶ 31-42 and Ex. 6-12). The issue of vacancy is important because coverage is excluded if the Building has been vacant for more than 60 days prior to the claimed loss. (Doc. 1, Complaint at ¶ 43 and Ex. 13).

As a result of Columbia's preliminary findings and the need for further investigation, Columbia sent a reservation of rights letter to Baloru's representative on December 6, 2021, advising that Columbia is "reviewing the facts and circumstances surrounding the loss" and, further, that Columbia "specifically reserves the right to bring an action to declare the obligations and responsibilities of the parties." (Doc. 1, Complaint at ¶ 30 and Ex. 5).

---

[1]. In ruling on a Motion to Dismiss, the Court may consider documents referred to in the complaint if the documents are central to the claim. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1216 (10th Cir. 2007); See also *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

In an effort to resolve this coverage issue, Columbia filed a Complaint for Declaratory Judgment, asking this Court to consider the underlying coverage issue and provide an authoritative opinion defining the rights and obligations of the involved parties. (Doc. 1, Complaint). In response, Baloru asserted counterclaims for breach of contract, bad faith,

**III. ANALYSIS**

In the alternative to dismissing and/or striking Baloru's Counterclaims, Columbia asserts that this Court should enter an Order staying the Counterclaims, as they are premature. "In assessing the propriety of a stay, a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." See *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The Court finds these factors weigh in favor of staying Baloru's Counterclaims. The outcome of Columbia's Complaint for Declaratory Judgment will determine whether Baloru can proceed with its Counterclaims or whether they will be moot. It would be a waste of time and judicial resources if Baloru is able to litigate its Counterclaims (and Columbia would thus be forced to defend such counterclaims) just for the Court to ultimately find that Baloru is not entitled to coverage. Accordingly, Baloru's Counterclaims are stayed until the Court has opined on the coverage question.

**IT IS SO ORDERED**, this 19th day of January, 2023.

TERENCE C. KERN
United States District Judge

4