IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff-Counterclaim Defendant, | )<br>) |
| v. | )<br>) Case No. 22-cv-00444-TCK-SH<br>) |
| BALORU ENTERPRISES, LLC, d/b/a Stow's Office Furniture, and BALORU PROPERTIES LLC, | )<br>)<br>)<br>) |
| Defendants-Counterclaimants. | ) |

**OPINION AND ORDER**

Before the Court is a motion to compel privilege log brought by Defendants-Counterclaimants Baloru Properties LLC and Baloru Enterprises, LLC, d/b/a Stow's Office Furniture ("Baloru"). Baloru argues that Plaintiff-Counterclaim Defendant Columbia Mutual Insurance Company ("Columbia") has withheld documents on the basis of privilege but refuses to provide any privilege log. Columbia argues that Baloru failed to properly meet and confer. Columbia further argues that the stay of Baloru's counterclaims eliminates any need for a privilege log and that Baloru's motion is otherwise moot.

**Background**

Columbia brought this declaratory judgment action, asking the Court to declare that it is not obligated to provide insurance coverage for theft and vandalism that occurred at Baloru's building in November 2021. (ECF No. 1, ¶¶ 19, 46.) Baloru has counterclaimed, seeking damages for breach of the insurance contract and bad faith. (ECF No. 10.)

On November 22, 2022, Columbia moved to dismiss Baloru's counterclaims or, alternatively, to have them stayed pending the outcome of Columbia's quest for declaratory judgment. (ECF No. 18.) While this motion was pending, and all claims in the case were still active, Columbia responded to Baloru's first discovery requests. (ECF No. 26-2.) Although no court had yet granted Columbia's stay/bifurcation request, Columbia asserted that all discovery relating to Baloru's bad faith claim was premature. (*Id.* at 2-3.[1]) It appears, therefore, that Columbia only responded to discovery requests it considered related to its declaratory judgment claim. (*See, e.g., id.* at 16 (objecting and not responding to Request for Production ("RFP") No. 2, as "this Request is premature").)

Nevertheless, even as to discovery Columbia considered active, Columbia repeatedly referenced the withholding of documents for privilege:

- RFP No. 3 – "Subject to the stated objection <u>and excluding any privileged or protected information</u>, there are no tapes or digital recordings." (*Id.* at 17 (emphasis added).)

- RFP No. 5 – "Subject to the stated objection <u>and excluding any privileged or protected information</u>, the only documents Columbia possesses responsive to this Request are . . . ." (*Id.* at 19 (emphasis added).)

- RFP No. 6 – "Subject to the stated objections <u>and excluding any privileged or protected information</u>, see . . . ." (*Id.* (emphasis added).)

- RFP No. 9 – "Subject to the stated objections <u>and excluding any privileged or protected information</u>, see . . . ." (*Id.* at 21 (emphasis added).)

- RFP No. 11 – "Subject to the stated objections <u>and excluding any privileged or protected information</u>, see . . . ." (*Id.* at 22 (emphasis added).)

---

[1] All references to page numbers in ECF filings refer to the court-provided page number in the header.

- RFP No. 15 – "Subject to the stated objections <u>and excluding any privileged or protected information</u>, see . . . ." (*Id.* at 25 (emphasis added).)

- RFP No. 16 – "Subject to the stated objections <u>and excluding any privileged or protected information</u>, there are . . . ." (*Id.* (emphasis added).)

On December 29, 2022, the parties conferred by telephone as to Columbia's refusal to provide any discovery relating to Baloru's claims, as well as the failure to provide a privilege log. (ECF No. 26 at 9.) The parties also exchanged e-mail before and after this call. (ECF No. 26-3.) By e-mail, counsel for Columbia incorrectly asserted that courts "would not permit or require disclosure of discovery prior to the filing of an Answer" and, therefore, stood on the refusal to provide any discovery (or privilege log) for requests it deemed as relating to Baloru's counterclaims. (ECF No. 26-3 at 2.) Columbia also refused to provide any privilege log as to the claims file (*id*) and, according to Baloru, has refused to provide any privilege log as to any of the other discovery requests as well (ECF No. 26 at 9, 11).

On January 19, 2023, Judge Terence C. Kern issued a ruling on Columbia's motion to dismiss or stay. (ECF No. 24.) Judge Kern did not grant the motion to dismiss but, instead, granted the alternative request that Baloru's counterclaims be stayed, finding it would be a waste of time and resources to litigate the counterclaims if the Court later found no coverage. (*Id.* at 4.)

Following this ruling, on February 28, 2023, Baloru's counsel again contacted Columbia's counsel in an effort to obtain a privilege log, but Columbia refused, citing the order staying Baloru's counterclaims. (ECF No. 26 at 11-12; *see also* ECF No. 28-2.) Baloru then filed the instant motion.

3

**Analysis**

I.   **Baloru Satisfied its Good Faith Conference Obligation under Rule 37**

As a preliminary matter, Baloru has satisfied all prerequisites to the filing of its motion to compel. Before filing a motion to compel, a movant must have "in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).[2] Baloru has repeatedly asked for a privilege log, and Columbia has repeatedly refused to provide it. While there were larger issues in dispute, this particular request was discrete and easily understandable. Baloru has met its obligations under Rule 37.

Columbia is wrong in arguing that the December 2022 conference is "irrelevant, given the subsequent stay." (ECF No. 28 at 3-4.) To be clear, in December 2022, when Columbia was refusing to provide any discovery relating to Baloru's counterclaims, Columbia was in violation of the federal rules. Pursuant to Rule 26, unless otherwise limited by court order, parties may obtain discovery that is relevant to <u>any</u> party's claim or defense—subject, of course, to limitations of privilege and proportionality. Fed. R. Civ. P. 26(b)(1). Generally, once the parties have conferred for the joint status report, discovery may commence,[3] and there are no rules mandating a specific sequence for methods of discovery or requiring parties to obtain discovery in a certain order. Fed. R.

---

[2] N.D. Okla. LCvR 37-1 provides additional requirements for a telephonic or in-person conference, depending on the circumstances. Columbia does not claim Baloru violated the local rule.

[3] Technically, discovery starts after the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Such a conference, absent court order, must occur "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). In this district, the court often sets a deadline for the Rule 26(f) conference as part of its order for a joint status report. That is what occurred in this case. (*See* ECF No. 17.)

Civ. P. 26(d)(1), (3). Certain statutes stay discovery pending motions to dismiss. *See, e.g.,* Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B) (staying discovery in certain securities fraud litigation). And, the Western District of Oklahoma, by local rule, generally postpones the start of discovery when a motion is pending under Fed. R. Civ. P. 12(b).[4] *See, e.g.,* W.D. Okla. LCvR 26.3(a).

There is no statute or rule that would automatically stay discovery in this case, just because Columbia filed a motion to dismiss. Instead, if Columbia wanted to "forbid[] inquiry into certain matters, or limit[] the scope of . . . discovery to certain matters," it could have sought a protective order from the Court. Fed. R. Civ. P. 26(c)(1)(D). Columbia had not obtained such an order and, therefore, had no grounds to refuse discovery based on its pending motion to dismiss.

In any event, the privilege log issue is broader than Baloru's counterclaims. As noted above, Columbia has explicitly stated that it excluded privileged or protected information from the production it has provided related to its own claims. While Columbia also noted its production was subject to its other objections, it generally did not state it was withholding documents based on any objections other than privilege. *See* Fed. R. Civ. P. 34(b)(2)(C) (any objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection"). A request for a privilege log in December 2022 necessarily included these non-counterclaim-specific requests.

---

[4] The Court recognizes that counsel is located in Oklahoma City and may appear more regularly in the Western District. However, any attorney who wishes to have a multi-district practice must be aware of the differences in the rules between districts and should not adopt a parochial worldview, assuming their local customs are universal. Indeed, any attorney who applies to be admitted to the Northern District of Oklahoma must certify their familiarity with the local rules of this district. N.D. Okla. LGnR 4-2(d)(2).

Finally, the February 28, 2023, call also constitutes a good faith attempt to obtain a privilege log following the stay order. As Columbia's own e-mail acknowledges, the call occurred after Baloru's counsel left a voicemail asking "if [Columbia] planned to . . . provide a privilege log." (ECF No. 28 at 5.) During the call, according to Columbia, Baloru's counsel "wanted to know if [Columbia] planned to produce a privilege log for the documents previously provided" and, again, whether it was Columbia's "'position' that [it] would not be providing a privilege log." (*Id.*) Columbia's own account of the call shows that Baloru's counsel sought, in good faith, to obtain a privilege log for the requests at issue in its motion.

## II.   Columbia Must Provide a Privilege Log for RFP Nos. 3, 5, 6, 9, 11, 15, and 16

Columbia has provided no justification for its refusal to provide a privilege log for documents withheld in response to Requests for Production Nos. 3, 5, 6, 9, 11, 15, and 16.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)   expressly make the claim; and
>
> (ii)  describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(6)(A). Where the information is withheld in response to a document request, the local rules further provide details of what information should be included in the privilege log. *See* N.D. Okla. LCvR 26-4. The local rule also provides an exception—a privilege log need not include (1) written communications between a party and its trial counsel after the commencement of the action (here, October 12, 2022), or (2) work product material created after commencement of the action.

6

As noted above, Columbia already acknowledged there were responsive, discoverable documents relating to its declaratory judgment claim when it responded to Requests for Production Nos. 3, 5, 6, 9, 11, 15, and 16.  It also stated that it was excluding privileged or protected information, apparently specifying—as required by Rule 34(b)(2)(C)—that Columbia was withholding documents on the basis of a privilege objection.  A privilege log is required for these requests.

The Court rejects any attempt by Columbia to declare—after the fact—that any of these requests are "only related to Baloru's *stayed* counterclaims . . . ." (ECF No. 28 at 7 (referencing RFP No. 15).)  Columbia has already acknowledged in its discovery responses that these requests related, at least in part, to its declaratory judgment claims and that production was appropriate.

The Court rejects Columbia's argument that it is excused from providing a privilege log for these requests, because "none of Columbia's objections . . . are *solely* on the basis of privilege." (ECF No. 28 at 7.)  As noted above, Columbia was required by Rule 34 when objecting to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).  For most of these requests, the only statement by Columbia that came close to such an assertion was its statement that it was "excluding any privileged or protected information."  (ECF No. 26-2 at 17, 19, 21-22, 25-26.) Columbia cannot now assert, three months after the fact, that it was really withholding documents pursuant to some other objection and, based on that fact, refuse to provide a privilege log.

Columbia appears to now state that it did not, in fact, withhold any privileged or protected documents in response to Requests for Production Nos. 3, 5, 6, 9, and 11.  (ECF

7

No. 28 at 8.) If that is correct, Columbia should amend its responses to reflect that no responsive materials were being withheld on the basis of the privilege objection.[5]

### III. Columbia Must Provide a Privilege Log for RFP No. 7

While Columbia need not reveal otherwise protected information, it still must provide a privilege log for any documents responsive to Request for Production No. 7 that were created prior to October 12, 2022. In response to this request, Columbia objected that statements taken "by defense counsel or at defense counsel's direction—including the identity of the witnesses—in anticipation of litigation . . . are protected work product and not discoverable, and Baloru is not entitled to a privilege log regarding this information." (ECF No. 26-2 at 20.) In making this argument, Columbia cited two cases—*Laney ex rel. Laney v. Schneider Nat. Carriers, Inc.,* 259 F.R.D. 562, 563 (N.D. Okla. 2009), and *Phillips v. Hanover Ins. Co.,* No. CIV-14-871-R, 2015 WL 1781873, at *1 (W.D. Okla. Apr. 20, 2015).

*Laney* merely stands for the proposition that the witness statements in that particular case were work product, where they were obtained as part of litigation counsel's investigation and only because of a fear of litigation. *Id.* at 567. *Laney* does not discuss privilege logs or the identity of witnesses; indeed, it appears the witnesses' identities were known. *Id.* ("Plaintiffs have the same ability that defendants' had to contact and interview these witnesses.").

---

[5] Rule 34 was amended in 2015 precisely to avoid this issue. "Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. 26, adv. ctte.'s note, 2015 am.

8

In *Phillips*, the plaintiffs did not ask for witness statements but for the identities of all persons contacted or interviewed by the insurer defendant. The defendant did not object to producing contacts and interviews by it regarding the case, "save those involving undersigned counsel." 2015 WL 1781873, at *3. The plaintiffs, however, wanted a privilege log. *Id*. The court found "the identity of the individuals contacted by Defendant's attorneys for interviews in connection with his case is protected work product" and no privilege log was required. *Id*. at *4.

Columbia may have an argument that the witness statements are work product (depending on the timing and circumstances) and may have an argument that the names of the persons its litigation counsel chose to interview could also reveal protected work product. This does not, however, excuse Columbia from providing a privilege log in these circumstances. Rule 26 specifically provides that the privilege log must describe the nature of the documents "without revealing information itself privileged or protected" while still providing enough information that the opposing party may assess the privilege claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). The local rules similarly state that a party need not provide information in its privilege log that "is itself privileged." N.D. Okla. LCvR26-4(b). Unlike *Phillips*, the identity of the witnesses is not the only information sought by the discovery request. Even if Columbia believes the witnesses' identities are themselves work product, Columbia can provide the other information required by the local rule.

### IV.     Other Responses

Baloru's motion appears to be related solely to those responses where Columbia stated it was withholding documents based on a claim of privilege. (ECF No. 26 at 10-11.) Columbia, however, references several discovery responses where it declined to provide any discovery at all, presumably based on the prematurity objection, but sometimes also

9

mentioned privilege. (*See, e.g.,* ECF No. 26-2 at 16-18, 20-24, 26 (RFP Nos. 2, 4, 8, 10, 12, 13, 14, 17).) To avoid any confusion, a privilege log is necessary when a party withholds "otherwise discoverable" information. Fed. R. Civ. P. 26(b)(5)(A). Although perhaps not as clear as it could be, the only reading the undersigned could take from these particular responses was that Columbia considered the entire category of documents requested to be undiscoverable. While the "premature" objection was invalid when asserted, any litigation relating to Baloru's counterclaims has since been stayed. In such circumstances, Baloru may currently contest whether these requests seek documents relevant to Columbia's claims, but there is no need for a privilege log until the broader objection has been resolved.

The Court further cautions that this order does not limit Columbia's obligations. The order focused on the responses where Columbia appeared to specifically state it was excluding documents from production based on privilege. The privilege log requirements of Rule 26 apply to <u>any</u> otherwise discoverable information Columbia has withheld in response to any discovery request. To the extent Columbia has done so, regardless of whether that request was mentioned in this order, Columbia must provide a privilege log.

V. **Payment of Expenses**

Baloru has asked the Court to award its expenses in filing the motion. (ECF No. 26 at 13-14.) When the Court grants a motion to compel disclosure or discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the . . . attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are three situations in which the Court must not award such expenses:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.* In response, Columbia asserts (i) Baloru filed the motion without a good faith conference and (ii) implicitly, that Columbia's nondisclosure was substantially justified. (ECF No. 28 at 3-9.) Columbia does not note any circumstances that make the award of expenses unjust.

The Court has already found that Baloru attempted in good faith to obtain the privilege log without court action. *See supra* at 4-6. The Court further finds that Columbia's <u>blanket</u> refusal to provide a privilege log was not substantially justified, either before or after the entry of the stay. The Court further finds, from the copious e-mail and Columbia's briefing, that it was Columbia's attorneys whose conduct necessitated the motion. There is nothing indicating Columbia, itself, is responsible for this failure. Therefore, Baloru is entitled to an order requiring Columbia's counsel to pay the reasonable expenses incurred in making the motion.

Baloru has already provided the statement of expenses it is seeking. (ECF No. 30-2.) As this information was provided after Columbia's response, the Court finds Columbia should be given an opportunity to respond as to the reasonableness of the expenses requested, after which—if warranted—Baloru may file a reply.

IT IS THEREFORE ORDERED that Defendants'/Counterclaimants' First Motion to Compel Production of a Privilege Log from Plaintiff/Counterclaim Defendant, Columbia Mutual Insurance Company (ECF No. 26) is GRANTED. Columbia shall provide a privilege log to Baloru by April 21, 2023.

IT IS FURTHER ORDERED that Columbia's counsel shall pay Baloru's reasonable expenses incurred in making the Motion to Compel. Columbia may file a response to the reasonableness of the expenses requested by April 14, 2023. Baloru may file a reply by April 21, 2023.

ORDERED this 7th day of April, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT