IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff-Counterclaim Defendant, | )<br>) |
| v. | )<br>)<br>) |
| BALORU ENTERPRISES, LLC, d/b/a Stow's Office Furniture, and BALORU PROPERTIES LLC, | )<br>)<br>)<br>) |
| Defendants-Counterclaimants. | )<br>) |

Case No. 22-cv-00444-TCK-SH

**OPINION AND ORDER**

Before the Court is the fee and expense request of Defendants-Counterclaimants Baloru Properties LLC and Baloru Enterprises, LLC, d/b/a Stow's Office Furniture ("Baloru"). The Court finds that most of the fees sought are reasonable, as are the rates of Baloru's counsel. Due to block billing and the inability to apportion, the Court discounts the December 2022 fees in full and cuts two other entries by 50%. The attorneys for Plaintiff-Counterclaim Defendant Columbia Mutual Insurance Company ("Columbia") shall pay $2,900.00 for the fees and expenses incurred by Baloru in making the motion to compel.

**Background**

This order arises from Columbia's refusal to provide any privilege log for its production. As detailed in the Court's prior order (ECF No. 31), Columbia took extreme and legally unsupportable positions, both by refusing to engage in discovery on Baloru's claims before a stay was entered as to those claims and, after the stay, by refusing to provide the log even for the discovery relating to its own claims.

After the stay was entered, in <u>Columbia counsel's own words</u>, Baloru's counsel "wanted to know if we planned to produce a privilege log for the documents previously provided." (ECF No. 28 at 5.)  But, Columbia refused to provide any privilege log.  Baloru then filed its motion to compel (ECF No. 26), which the undersigned found "appears to be related solely to those responses where Columbia stated it was withholding documents based on a claim of privilege." (ECF No. 31 at 9.)  On that basis, the Court granted Baloru's motion in full and found that an award of the movant's reasonable expenses was required by Rule 37(a)(5)(A).  (*Id.* at 10-12.)  The Court then gave the parties an opportunity to brief the reasonableness of Baloru's expenses.

Columbia has now responded to the fee request, arguing that (1) it has generally acted in good faith in discovery; (2) the Court's order did not, in fact, fully grant Baloru's motion; (3) the dispute "concerns information to which Baloru is not actually entitled, but is only entitled to *know about*"; (4) Baloru engaged in impermissible block billing; and (5) the rates should be reduced.  (ECF No. 32.)  On this basis, Columbia argues that the Court should order no fees or, at most, $1,111.25.  (*Id.* at 2 & 4.)

## Analysis

### I. Columbia Provides No Basis for the Court to Reconsider Its Prior Finding that an Award of Expenses is Appropriate

Baloru, in its original motion to compel, explicitly requested and briefed its request for expenses under Fed. R. Civ. P. 37(a)(5)(A).  (ECF No. 26 at 13-14.)  Columbia chose not to respond to this request, instead asserting—without citation to any legal authority—that the Court should instead award Columbia fees "FOR BEING FORCED TO RESPOND TO THIS MERITLESS MOTION." (ECF No. 28 at 9.)  The Court disagreed.

Instead, the Court granted Baloru's motion in full and found that (1) Baloru attempted in good faith to obtain the privilege log without court action; (2) Columbia's

2

blanket refusal to provide the log was not substantially justified; and (3) Columbia had failed to note any circumstances that would make an award of expenses unjust. (ECF No. 31 at 11.)  As such, the Court found that an award of expenses was required by Rule 37(a)(5)(A) and provided Columbia with an opportunity to respond to the reasonableness of the fees requested by Baloru. (*Id.* at 10-12.)

Only now does Columbia address the request for fees, belatedly asserting—again without legal citation—that no fees should be awarded.  For this argument, Columbia asserts that it has acted in good faith generally in the litigation, that privilege logs are not information to which a party is entitled like factual discovery, and that the Court did not truly grant Baloru's motion in full.  The Court will address this last argument first.

A different rule applies when a Court only grants part of a motion to compel.  *See* Fed. R. Civ. P. 37(a)(5)(C).  In those circumstances, the Court may, after affording an opportunity to be heard, apportion the reasonable expenses for the motion.  *Id.*  That did not occur here.  Instead, the Court found that Baloru's motion sought a privilege log only for those responses where Columbia stated it was withholding documents based on privilege (ECF No. 31 at 9)—i.e., Requests for Production ("RFP") Nos. 3, 5, 6, 7, 9, 11, 15, and 16.  However, because Columbia's response referenced other discovery requests, the Court clarified the rule as to when a privilege log is, or is not, required. (*Id.* at 9-10.)  The Court did not, however, find this issue to be directly raised by Baloru's motion and granted Baloru's motion in full. (*Id.* at 10-12.)  Columbia has offered the Court no basis on which to reconsider this finding.  Therefore, Rule 37(a)(5)(A) applies, and the Court is obligated to award Baloru's full expenses absent one of the exceptions listed in the rule.

As for Columbia's good faith at other times in the litigation, that plays no role in the Court's decision-making as to this particular motion, *see* Fed. R. Civ. P.

3

37(a)(5)(A)(ii)-(iii), and Columbia offers no authorities to the contrary.[1] Similarly, Columbia offers no basis for its assertion that the dispute "concern[ed] information to which Baloru is not actually entitled, but is only entitled to *know about* via a privilege log." (ECF No. 32 at 2.) A privilege log is required discovery and serves an important purpose in federal civil litigation. The privilege-log requirement was added to Rule 26 in 1993. Fed. R. Civ. P. 26, adv. ctte.'s note, 1993 am., subdiv. (b). In adding it, the Advisory Committed noted,

> A party must notify other parties if it is withholding materials . . . because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions . . ., and may be viewed as a waiver of the privilege or protection.
>
> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

*Id.* The privilege log thus provides important information that helps ensure parties are complying with their discovery obligations and assists in the resolution of any disputes. It is part and parcel of an appropriate response to a discovery request.

## II. Block Billing

Columbia next asserts that Baloru's fees should be reduced by 50% due to block billing. (ECF No. 32 at 2-3.) Block billing "refers to 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather

---

[1] Columbia might argue that its general good faith would be "other circumstances [that] make an award of expenses unjust" under subsection (iii). However, the current dispute arose while Columbia was taking an unsupportable position on another issue—asserting it had no obligation to respond to discovery while a motion to dismiss was pending. In such circumstances, the Court would not find the "unjust" argument availing.

than itemizing the time expended on specific tasks.'" *Robinson v. City of Edmond,* 160 F.3d 1275, 1285 n.9 (10th Cir. 1998) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). Block billing can make it difficult to determine the reasonable fees to award, particularly where a court must apportion the fees between compensable and non-compensable work. *See, e.g., Sw. Stainless, L.P. v. Sappington,* No. 07-CV-0334-CVE-TLW, 2010 WL 1486935, at *11 (N.D. Okla. Apr. 13, 2010).

With some exceptions, the Court finds that Baloru's fee entries are sufficient to allow the Court to determine the reasonableness of time spent and do not affect its ability to apportion the fees. However, there are two areas where the Court finds that a total or partial reduction in fees is appropriate—(1) the December 2022 entries and (2) the entries that include filing. First, the December 2022 entries include Matt McGrew's review of Columbia's discovery responses, as well as his attempts to meet and confer with Columbia's counsel on its failure to provide any responses to counterclaim-related requests.[2] The Court finds these expenses would have been incurred by Baloru regardless of Columbia's stance on the privilege log and that they appear to constitute virtually all of the time spent. The Court, therefore, will not award the $650.00 in fees from December 28, 29, and 30, 2022. Second, there are two entries where Mr. McGrew billed for exhibit preparation and filing—in addition to drafting the briefs at issue here. (ECF No. 30-2,

---

[2] While Columbia complains that most of the entries on the fee statement do not state which attorney is billing the time, it acknowledges that these entries necessarily refer to work done by Matt McGrew. (ECF No. 32 at 3.) The Court agrees. The fee statement could be clearer but is reasonably read as listing work done by Mr. McGrew, unless a contrary note of "KMM" is provided, indicating work done by the other attorney on this case, Kristen Merritt. (ECF No. 30-2.) Mr. McGrew has referred to this statement as containing the "fees sought for the work performed by Baloru's counsel," and the Court is relying on that representation by an officer of the court.

entries for 3/1/23 and 3/21/23.) As the block billing prevents the Court from apportioning between non-billable and billable attorney tasks, the Court reduces these entries by 50%, or $750.00.

### III. Rates

Columbia next complains that the rates charged by Baloru's attorneys are unreasonable, noting that Ms. Merritt is a two-year attorney, while Mr. McGrew has nine years of experience. (ECF No. 32 at 3-4.) Baloru responds that Columbia's own counsel has affirmed that an hourly rate of $300 per hour is reasonable for associates.[3] (ECF No. 33 at 3; ECF No. 33-1 ¶ 14.) The Court finds this argument persuasive and finds the $250 rates charged to Baloru to be reasonable for this community.

IT IS THEREFORE ORDERED that Columbia's counsel shall pay Baloru's $2,900.00 in reasonable expenses incurred in making the Motion to Compel.

ORDERED this 2nd day of June, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] The affidavit further cites a survey noting that, a decade ago, 37% of respondents charged $201 or more per hour.