IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff-Counterclaim Defendant, | )<br>) |
| v. | )<br>)   Case No. 22-cv-00444-JDR-SH<br>) |
| BALORU ENTERPRISES, LLC, d/b/a Stow's Office Furniture, and BALORU PROPERTIES LLC, | )<br>)<br>)<br>) |
| Defendants-Counterclaimants. | )<br>) |

**OPINION AND ORDER**

Before the Court is Defendants' motion to disqualify opposing counsel and their firm on the grounds that they are likely to be necessary witnesses in this case. Defendants have failed to show that any of these lawyers have non-privileged information about which they would be the only person available to testify. As such, the lawyers are not likely to be necessary witnesses, and Defendants' motion will be denied.

**Background**

This case arises out of an insurance dispute relating to coverage for theft and vandalism at a commercial property in November 2021. (ECF No. 10.) Defendant-Counterclaimant Baloru Enterprises owned a property in Tulsa, Oklahoma, that was insured by Plaintiff-Counterclaim Defendant Columbia Mutual Insurance Company. (ECF No. 10 ¶ 5.) Both Baloru Enterprises and Baloru Properties were insureds of Columbia. (*Id.*) This order will refer to both Defendants simply as "Baloru."

Both sides have been represented by their current counsel since near the very beginning of this dispute. On December 6, 2021, Brant Farris ("Farris"), as Claims Representative for Columbia, sent a letter to Baloru's current attorney acknowledging

receipt of "notice of the theft/vandalism claim you submitted on behalf of Baloru Enterprises, LLC," and noting "you represent Baloru and have directed that all correspondence be sent exclusively to you and that no contact should be made with your client unless it first goes through you." (ECF No. 35-2 at 2.[1]) Farris also noted that "Columbia has retained Brad Miller of Miller Johnson Jones Antonisse & White to assist in handling this matter." (*Id.* at 6.)

Eventually, the dispute turned into litigation. On October 12, 2022, Columbia filed this action, seeking a declaratory judgment that it was not obligated to provide coverage to Baloru for the subject loss. (ECF No. 1.) Baloru then counterclaimed, asserting breach of the insurance contract and bad faith. (ECF No. 10.) Currently, Baloru's counterclaims are stayed pending the Court's ruling on the issue of coverage (ECF No. 24), which is now the subject of pending motions for summary judgment (ECF Nos. 41-42).

Meanwhile, the parties have had other disputes regarding counsel's role in this case. In addition to the current motion, Baloru filed a motion to compel documents for which Columbia claimed attorney-client privilege or work product protections. (ECF No. 36.) In that briefing, Baloru argued that attorney-client privilege did not attach to the documents because of the role Columbia's counsel purportedly played in investigating Baloru's claim. (*Id.* at 8, 12-15.) At a hearing on that motion, the Court heard the representation of Columbia's counsel that the communications were for the purpose of rendering legal advice, and the Court rejected Baloru's arguments that there was no attorney-client privilege—at least based on the information then before the Court.

---

[1] References to page numbers refer to the ECF header.

Baloru also complained that Columbia was inappropriately claiming work product protection for the names of witnesses and witness statements. (*Id.* at 9-12.) At the hearing, the Court granted Baloru's motion to compel on this issue and ordered Columbia to produce communications with the witnesses and the one known witness statement. (*See also* ECF No. 40.)

Some of these same issues arise in the context of the current motion to disqualify. Baloru, for example, complains that Columbia's counsel has "withheld documents under the guise of attorney-client privilege and work product . . . despite the fact that those documents and materials were not generated in a legal capacity, but rather as part of the ordinary claims handling business of an insurance company." (ECF No. 35 at 11.) This issue was addressed in the Court's prior ruling and will not be revisited here.

Baloru also notes its wish to depose Witness #1, Witness #2, and Witness #3—witnesses whose names had previously been withheld as work product by Columbia. (*Id.* at 11-12 & ECF No. 35-5 at 5-6.) Given the Court's subsequent ruling on the motion to compel, the identities of these witnesses should now be known to Baloru.

The Court turns to Baloru's motion to disqualify all of Columbia's counsel.

## Analysis

### I. Standard of Review

A court has "broad discretion" in determining whether an attorney should be disqualified. *Weeks v. Indep. Sch. Dist. No. I-89,* 230 F.3d 1201, 1211 (10th Cir. 2000). As the party seeking disqualification, Baloru bears the burden of proving its necessity. *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.,* 866 F. Supp. 1297, 1299 (D. Colo. 1994); *Alstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.,* No. CIV-22-811, 2023 WL

5019914, at *1 (W.D. Okla. Aug. 7, 2023); *Com. Com. Partners, LLC v. Miliken & Co.,* No. 22-cv-00020, 2022 WL 17093650, at *3 (D. Utah Nov. 21, 2022).

Two sources of authority govern motions to disqualify in federal court. *Cole v. Ruidoso Mun. Schs.,* 43 F.3d 1373, 1383 (10th Cir. 1994). "First, attorneys are bound by the local rules of the court in which they appear." *Id.* In this Court, that means attorneys are expected to conduct themselves in accordance with the Oklahoma Rules of Professional Conduct ("ORPC").[2] *See* LGnR 3-2; *see also* Okla. Stat. tit. 5, ch. 1, app. 3-a. Second, motions to disqualify "are decided by applying standards developed under federal law" and are consequently "governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole,* 43 F.3d at 1383 (citations and internal quotations marks omitted).

Although this Court must consult the ORPC, it is "not bound by state-court interpretations of such rules." *Acct. Principals, Inc. v. Manpower, Inc.,* 599 F. Supp. 2d 1287, 1291 (N.D. Okla. 2008). That said, "it would arguably create difficulties for practitioners in Oklahoma [if federal courts were] to adopt an interpretation of [the ORPC] different from that adopted by the Oklahoma Supreme Court." *Weeks*, 230 F.3d at 1214 (Briscoe, J., concurring). Thus, the Court applies federal standards "while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Acct. Principals*, 599 F. Supp. 2d at 1291 (internal quotation marks omitted).

When considering a motion to disqualify, a court "must carefully balance the interest in protecting the integrity of the judicial process with the right of a party to have

---

[2] Federal district courts typically adopt the professional conduct rules of the state in which they sit. *Cole*, 43 F.3d at 1383.

counsel of its choice." *State Farm Mut. Auto. Ins. Co. v. Dowdy ex rel. Dowdy,* 445 F. Supp. 2d 1285, 1287 (N.D. Okla. 2006). "Motions seeking the disqualification of opposing counsel are 'viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings.'" *Madden v. Elara Caring, LLC,* No. CIV-19-1178, 2021 WL 4301493, at *1 (W.D. Okla. Sept. 21, 2021) (citation omitted).

## II.     ORPC 3.7: The Witness-Advocate Rule

Baloru seeks to disqualify Columbia's counsel under ORPC 3.7(a). "Rule 3.7 prohibits a lawyer from serving a dual role in the trial of a case as both an advocate and a witness except in specific circumstances." *Bell v. Okla. City,* No. CIV-16-1084, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017). Rule 3.7(a) provides:

> (a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>   (1)   the testimony relates to an uncontested issue;
>
>   (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>
>   (3)   disqualification of the lawyer would work substantial hardship on the client.

Okla. Stat. tit. 5, ch. 1, app. 3-a, Rule 3.7(a). The rule "protects the integrity of the judicial process by: (1) eliminating the possibility that the lawyer will not be an objective witness, (2) reducing the risk that the finder of fact may confuse the roles of witness and advocate, and (3) promoting public confidence in a fair judicial system." *Jensen v. Poindexter*, 2015 OK 49, ¶ 12, 352 P.3d 1201, 1206. However, Rule 3.7 also "lends itself to opportunistic abuse," especially where it is the movant who intends to call opposing counsel as a witness. *Waldrop v. Discover Bank (In re Waldrop),* No. 15-14689-JDL, 2016 WL 6090849, at *5 (Bankr. W.D. Okla. Oct. 18, 2016) (quoting *Murray v. Metro. Life Ins. Co.,*

583 F.3d 173, 178 (2d Cir. 2009)); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-a, Scope ("[T]he purpose of the [ORPC] can be subverted when they are invoked by opposing parties as procedural weapons.").

### III.   A Necessary Witness

Columbia raises various arguments as to why its individual attorneys or their law firm should not be disqualified. The Court finds, however, that Baloru cannot meet its burden as to the threshold issue—whether any of the listed counsel are "likely to be a necessary witness." As such, the Court will deny Baloru's motion.

Under the ORPC, a lawyer may potentially be disqualified from serving "as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Okla. Stat. tit. 5, ch. 1, app. 3-a, Rule 3.7(a). A "necessary witness" is "narrowly defined . . . to mean a witness with knowledge of facts 'to which he will be the only one available to testify.'" *Bell*, 2017 WL 3219489, at *2 (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)). Although an attorney's testimony may be "relevant" or even "highly useful," that does not mean it is "strictly necessary." *Id.*; *see also Waldrop*, 2016 WL 6090849, at *6 ("The attorney's testimony is not 'necessary' if it is merely cumulative."). An attorney is a necessary witness only "if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302. When an attorney's "proposed testimony can be obtained from other sources, he is not likely to be a necessary witness." *Com. Com. Partners*, 2022 WL 17093650, at *2; *see also Madden*, 2021 WL 4301493, at *4 (rejecting disqualification where movant failed to demonstrate that attorney was the only witness who could provide the testimony).

At this time, Baloru has failed to demonstrate that Columbia's attorneys have any factual, non-privileged information that is not already available from other sources. As

noted above, Baloru now has the names of any witnesses the attorneys interviewed and can, if it chooses, call those witnesses to testify. Baloru can also elicit the testimony of Farris or other employees of Columbia. Baloru does not explain what information any Columbia attorney would have that is not duplicative of the other available testimony, nor has Baloru to-date convinced the Court that counsel's communications with its client were not privileged. *See Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins.*, No. C08-1862RSL, 2010 WL 11527179, at *2 (W.D. Wash. Sept. 27, 2010) ("To the extent defendants seek to inquire of the attorneys what they were thinking as events unfolded and/or how they counseled their client, such communications would generally be privileged.").

There currently is no basis to believe that any of Columbia's counsel, much less the entire firm, will likely be a necessary witness at trial.[3]

IT IS THEREFORE ORDERED that *Defendants'/Counterclaimants' Motion to Disqualify Brad Miller, Amy Taylor, and the Law Firm of Miller, Johnson, Antonisse & White as Counsel for Columbia Mutual Insurance Company* (ECF No. 35) is DENIED.

ORDERED this 17th day of April, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] This is not to say Baloru may not, in the future, be able to demonstrate that Columbia's counsel are necessary witnesses. Discovery is not yet closed. In the event Baloru later believes it can show that information Columbia's counsel possesses is relevant, material, non-privileged, and unobtainable elsewhere, it may file an appropriate motion.